

**FILED & ENTERED**

**NOV 01 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>TAYLOR RONALD WOODS,<br><br>Debtor. | Case No.: 2:22-bk-13613-ER<br>Adv. No.: 2:22-ap-01195-ER |
| RONALD A. CHRISTENSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR RONALD WOODS, an individual,<br><br>Defendant. | SCHEDULING ORDER<br><br><br><br><br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

This adversary proceeding having been assigned to the undersigned judge, **IT IS HEREBY ORDERED AS FOLLOWS:**

1) The following dates shall apply to this proceeding:
    a) A Status Conference is set for **2/14/2023 at 10:00 a.m**. A Joint Status Report shall be submitted by no later than fourteen days prior to the hearing. Appearances at the Status Conference may be made either in-person or by telephone. Parties electing to

Revised 5/27/2021

appear at the Status Conference in-person shall comply with all requirements 9/25/regarding social distancing, use of face masks, etc. which may be in effect at the time of the hearing. Parties electing to appear at the Status Conference by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.

b) The last day to amend pleadings and/or join other parties is **3/16/2023**.
c) The last day to disclose expert witnesses and expert witness reports is **6/27/2023**.
d) The last day to disclose rebuttal expert witnesses and rebuttal expert witness reports is **7/27/2023**.
e) The last date to complete discovery, including discovery pertaining to expert witnesses, is **8/22/2023**. All discovery motions must also have been heard by this date.[1]
f) The last day for dispositive motions to be heard is **8/22/2023**.[2]
g) A Pretrial Conference is set for **9/12/2023 at 11:00 a.m.** By no later than fourteen days prior to the Pretrial Conference, the parties must submit a Joint Pretrial Stipulation via the Court's Lodged Order Upload (LOU) system. Submission via LOU allows the Court to edit the Joint Pretrial Stipulation, if necessary. Parties should consult the Court Manual, section 4, for information about LOU. Appearances at the Pretrial Conference may be made either in-person or by telephone.
h) In addition to the procedures set forth in Local Bankruptcy Rule 7016-1(b), the following procedures govern the conduct of the Pretrial Conference and the preparation of the Pretrial Stipulation:
   i) By no later than thirty days prior to the Pretrial Conference, the parties must exchange copies of all exhibits which each party intends to introduce into evidence (other than exhibits to be used solely for impeachment or rebuttal).
   ii) When preparing the Pretrial Stipulation, all parties shall stipulate to the admissibility of exhibits whenever possible. In the event any party cannot stipulate to the admissibility of an exhibit, that party must file a Motion in Limine which clearly identifies each exhibit alleged to be inadmissible and/or prejudicial. The moving party must set the Motion in Limine for hearing at the same time as the Pretrial Conference; notice and service of the Motion shall be governed by LBR 9013-1. The Motion in Limine must contain a statement of the specific prejudice that will be suffered by the moving party if the Motion is not granted. The Motion must be supported by a memorandum of points and authorities containing citations to the applicable Federal Rules of Evidence, relevant caselaw, and other legal authority. Blanket or boilerplate evidentiary objections not accompanied by detailed supporting argument are prohibited, will be summarily overruled, and may subject the moving party to sanctions.
   iii) The failure of a party to file a Motion in Limine complying with the requirements of ¶ (1)(h)(ii) shall be deemed a waiver of any objections to the admissibility of an exhibit.

---

[1] For contemplated hearings on discovery motions, it is counsel's responsibility to check the Judge's self-calendaring dates, posted on the Court's website. If the discovery cutoff date falls on a date when the court is closed or that is not available for self-calendaring, the deadline for hearings on discovery motions is the next closest previous date which is available for self-calendaring.

[2] If the motion cutoff date is not available for self-calendaring, the deadline for dispositive motions to be heard is the next closest previous date which is available for self-calendaring.

- iv) Motions in Limine seeking to exclude testimony to be offered by any witness shall comply with the requirements set forth in ¶ (1)(h)(ii), and shall be filed by the deadline specified in ¶ (1)(h)(ii). The failure of a party to file a Motion in Limine shall be deemed a waiver of any objections to the admissibility of a witness's testimony.
- i) Trial is set for the week of **9/25/2023**. The trial day commences **at 9:00 a.m.** The exact date of the trial will be set at the Pretrial Conference. Consult the Court's website for the Judge's requirements regarding exhibit binders and trial briefs. Unless otherwise ordered by the Court, all parties and witnesses shall appear at the trial in-person. Parties or witnesses seeking to be excused from appearing in-person shall present such request to the Court by way of stipulation or motion, with any such stipulation or motion to be filed concurrently with the Pretrial Stipulation.

2) This Order applies to counsel for all parties and persons not represented by counsel. **With respect to the Status Conference, all counsel and parties shall comply with Local Bankruptcy Rules 7016-1(a)(2)–(3), which require the filing of a Joint Status Report at least fourteen days before the Status Conference or Unilateral Status Reports at least seven days before the Status Conference.** The failure to timely file a Status Report may result in the imposition of sanctions as deemed appropriate by the Court. Such sanctions may include, without limitation, the imposition of monetary penalties, entry of a judgment of dismissal for failure to prosecute, or the striking of the Answer and the entry of default.

3) Unless otherwise ordered, all applicable Local Bankruptcy Rules continue to apply as set forth in the EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS, which is attached and incorporated herein by this reference. In particular, all parties shall review the Third Amended General Order No. 95-01 ("Adoption of Mediation Program for Bankruptcy Cases and Adversary Proceedings"), located on the Court's website.

4) Plaintiff shall serve a copy of this order as well as the EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS on all parties along with the Summons and Complaint. **Proof of Service of the Summons and Complaint must indicate that such copies were served in accordance with this Order.**

5) Any party contesting this Court's authority to enter a final order or judgment in this matter must file and serve a written objection no later than fourteen days prior to the date set for the first Status Conference. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). Failure to raise the issue in accordance with the requirements set forth above will be deemed consent to this court's authority to enter a final order or judgment. If an objection is filed and served the Court may set a hearing date and a briefing schedule. Alternatively, the Court may rule on the objection without a hearing.

IT IS SO ORDERED.

###

Date: November 1, 2022

Ernest M. Robles
United States Bankruptcy Judge

Revised 5/27/2021

## REVISED EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS

1) *A COPY OF THESE INSTRUCTIONS MUST BE ATTACHED TO THE COPY OF THE COMPLAINT SERVED <u>UPON EACH PARTY, AND THE PROOF OF SERVICE OF THE SUMMONS AND COMPLAINT MUST INDICATE THAT SUCH COPY WAS SERVED THEREWITH.</u>*

2) The Status Conference will be conducted **by telephone** at the date and time shown on the summons. Telephone appearances for Status Conference will be arranged through **Court Call™** pursuant to the attached Instructions for Telephonic Appearances. **Court Call™** is an independent conference call company that arranges conference calls on a national and international basis for business. It has no business connection with this court.

3) Plaintiff must serve, with the summons and complaint, a notice that compliance with **Local Bankruptcy Rule 7026-1** is required. Plaintiff must also file proof of service of the notice with proof of service of the summons and complaint. Pursuant to **Local Bankruptcy Rule 7026-1**, counsel for the parties <u>**MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN SAID RULE.**</u>

4) Unless all <u>defendants have defaulted,</u> the parties shall file Form **F 7016-1.Status.Report** (available on the Court's website) pursuant to **Local Bankruptcy Rule 7016-1(a)(2)** at least 14 days before the date of the Status Conference. If <u>**Local Bankruptcy Rule 7026-1** applies, the parties must include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.</u> **If the parties request dates for discovery cut-off, pre-trial, trial, or other litigation deadlines other than those ordered herein, this request shall be made in the Joint Status Report.**

5) If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court. Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. *See* Fed. R. Bankr. P. 7055 and Local Bankruptcy Rule 7055.

6) Any settlement stipulations, proposed judgments thereon, and/or proposed default judgments shall be filed and lodged with the Court at least 7 days before the Status Conference or Pretrial Conference. If such stipulations and/or proposed judgments are not timely filed, all parties must appear. Parties submitting late filings may be subject to Court Call's regular charges even if the hearing never takes place.

7) Unless otherwise ordered, all applicable Local Bankruptcy Rules apply and shall be strictly enforced. In particular, all parties and counsel are encouraged to review Local Bankruptcy Rule 7026-1 (procedures governing the early meeting of counsel), Local Bankruptcy Rule 7016-1 (procedures governing Status Conferences and Pretrial

    Conferences), and Third Amended General Order No. 95-01 ("Adoption of Mediation Program for Bankruptcy Cases and Adversary Proceedings").

8) If the parties dispute whether the adversary proceeding is **"core" or "non-core,"** they shall file points and authorities in support of their positions. Any party that contends the proceeding is **"non-core"** shall file and serve its points and authorities at least **14 days** before the Status Conference. Any response must be filed and served at least seven days before the Status Conference.

9) Failure to comply with these instructions including the failure to timely file a Joint Status Report will subject the responsible party to monetary **sanctions**, without a further hearing.

10) Failure of counsel for any party to appear at a Status Conference or Pretrial Conference may be considered an abandonment or failure to prosecute or defend diligently and the proceeding may be dismissed or judgment entered against the defaulting party without a further hearing.

11) Plaintiffs demanding trial by jury in the bankruptcy court shall file a demand with their complaint. All other parties should indicate whether they consent to a jury trial before the Bankruptcy Court in the Joint Status Report filed in connection with the initial Status Conference.

# INSTRUCTIONS FOR TELEPHONIC APPEARANCES
### For Judge Ernest M. Robles
### United States Bankruptcy Court, Los Angeles Division

Telephone appearances will be arranged through *Court Call*™. Court Call is an independent conference call company that arranges conference calls nationally for Courts.

It is counsel's responsibility to schedule their telephonic appearance at least 5 court days prior to the hearing date by contacting CourtCall at 866-582-6878 or via internet by registering at **www.courtcall.com**.

Written confirmation will be provided for each separate CourtCall Appearance. If you have not received a written Confirmation, prior to the hearing date, please contact CourtCall immediately or you may be precluded from the telephone calendar.

It is the participant's responsibility to dial into to their conference by using the 800 number provided by CourtCall.  The CourtCall Operator will not dial out to connect a participant.

Payment:  CourtCall accepts 2 forms of payment:
1) Credit or Debit Card
2)  CourtCall Debit Account
***Please contact CourtCall for more detailed information, not the Court.

Do not argue with Court Call or request special treatment.  Court Call's function is no more than to offer you the opportunity to appear by telephone.  Your election to appear by telephone constitutes your agreement for telephonic appearances.

At the time of the hearing, you will initially be placed in "Listen-only" mode and able to hear all proceedings just as if you were in the courtroom. Your line will be placed "Live" once the Judge calls your case. Each time a  participant speaks to the Court, he or she must identify themselves for the record. When the Judge informs the participants that the hearing is completed, the participants may disconnect and the next case will be called. Please remain on the line if you are appearing on multiple cases on the same calendar.

Telephonic appearances are connected directly with the courtroom's public address system and electronic recording equipment so that a normal record is produced. To ensure a quality record, the use of car phones, public telephone booths, or phones in other public places is prohibited except in the most extreme emergencies. Participants should be able to hear all parties without difficulty or echo. The system also allows more than one speaker to be heard so that the Judge can interrupt a speaker to ask a question or redirect the discussion.

Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include dropping a matter from calendar, continuing

the hearing, proceeding in the absence of an unavailable participant, a monetary sanction, or a permanent prohibition against a person appearing telephonically.

**FREE LEGAL HELP**

A creditor has sued you in bankruptcy court. You were served with a Summons and Complaint, and you must now file an Answer. If you do not file an Answer on time, the court may enter a default judgment against you. This means that your debt may not be discharged and you will be responsible for paying it back.

**IF YOU CAN NOT AFFORD AN ATTORNEY, FREE LEGAL HELP MAY BE AVAILABLE.**

For more information, call:

**Public Counsel's**

**Debtor Assistance Project Hotline (213) 385-2977, ext. 704**



THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

# AYUDA LEGAL GRATUITA

Su acreedor le ha demandado en la corte de bancarrota. Usted recibió la demanda, llamada "Summons" y "Complaint." Usted debe archivar una respuesta a la demanda en la corte. Si no archiva la respuesta a tiempo, la corte puede decidir en su contra. Si eso sucede, la deuda no se descargará en su caso de bancarrota y Usted será responsable por pagar al acreedor.

## SI LE FALTAN RECURSOS PARA CONTRATAR A UN ABOGADO, LLAME A LA LINEA DE AYUDA LEGAL GRATUITA.

Para mas información, llame al:

**Proyecto de Ayuda al Deudor
de
Public Counsel**

**(213) 385-2977, ext. 704**



35TH ANNIVERSARY
THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS